IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:18-CR-00082-RJC-DSC

| | | |
|---|---|---|
| USA | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| KEVIN ELIEZER VELASQUEZ | ) | |
| MELENDEZ (8) | ) | |
| | ) | |

**THIS MATTER** is before the Court upon motion of the defendant for home confinement based on the Coronavirus Aid, Relief, and Economic Security (CARES) Act of 2020 and the Eighth Amendment. (Doc. No. 292).

In response to the COVID-19 pandemic, the President signed the CARES Act into law on March 27, 2020. Pub. L. 116-136, 134 Stat 281, 516. Section 12003(b)(2) of the Act gives the Director of the Bureau of Prisons (BOP) authority to lengthen the maximum amount of time a prisoner may be placed in home confinement under 18 U.S.C. § 3624(c)(2) during the covered emergency period, if the Attorney General finds that emergency conditions will materially affect the functioning of the BOP. On April 3, 2020, the Attorney General issued a memorandum to the Director of the BOP making that finding and directing the immediate processing of suitable candidates for home confinement. However, nothing in the CARES Act gives the Court a role in determining those candidates. See United States v. Caudle, 740 F. App'x 364, 365 (4th Cir. 2018) (district court lacks authority to govern designation

of prisoners under § 3624(c)(2)). Accordingly, the Court cannot grant the defendant's request for home confinement.

Additionally, the Eighth Amendment does not provide a basis for the defendant's release by this Court. The defendant notes his fear for his health and safety based on the presence of the disease at FCI Butner and alleged lack of protective measures practiced by the staff there. (Doc. No. 292: Motion at 1). An attack on the execution of a federal sentence must be brought in an action pursuant to 28 U.S.C. § 2241 in the district where an inmate is confined after exhaustion of administrative remedies, United States v. Miller, 871 F.2d 488, 490 (4th Cir. 1989), which in this case is the Eastern District of North Carolina.

**IT IS, THEREFORE, ORDERED** that the defendant's motion for home confinement, (Doc. No. 292), is **DENIED** without prejudice.

The Clerk is directed to certify copies of this Order to the defendant, the United States Attorney, the United States Marshals Service, and the United States Probation Office.

Signed: December 7, 2020

Robert J. Conrad, Jr.
United States District Judge

2